UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SHEILA CHANG,

        Plaintiff,

  v.

MICHAEL ASTRUE,

        Defendant.

NO. C06-1451MJP

ORDER ON APPEAL FROM
DISABILITY DETERMINATION

The above-entitled Court, having received and reviewed:

1. Administrative Record (Dkt. No. 8)
2. Plaintiff's Opening Brief (Dkt. No. 10)
3. Defendant's Brief (Dkt. No. 12)
4. Plaintiff's Reply Brief (Dkt. No. 13)

and all exhibits and declarations attached thereto, makes the following ruling:

IT IS ORDERED that the final decision of the Commissioner of Social Security shall be AFFIRMED IN PART and REVERSED IN PART, and remanded for rehearing on that portion of the decision which is reversed.

IT IS FURTHER ORDERED that Plaintiff is awarded costs and reasonable attorney's fees in accordance with 28 U.S.C. §2412.

**ORD ON SOC**
**SEC APPEAL - 1**

**Background**

Factual and Procedural History

The Court adopts the facts as contained in the Decision of the Administrative Law Judge ("ALJ"), found in the Administrative Record ("AR") filed in this action. AR 15-18.

Procedurally, Plaintiff applied for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C.§§ 416(i), 423(d) in February 2003, alleging disability since August 15, 2002. Following an initial denial of her application and a further denial upon reconsideration, she requested and was granted a de novo hearing before an ALJ. On September 16, 2005, she appeared with counsel and testified at an administrative hearing before ALJ Edward Nichols.

On March 29, 2006, the ALJ issued his decision, finding that (based on the traditional five-step analysis of disability claims) Plaintiff was not disabled at step four. This decision was followed by a request for review by the Appeals Council with the submission of additional evidence. The Appeals Council denied Plaintiff's request for review on August 25, 2006 and the ALJ's decision became the Commissioner's final decision. Having exhausted her administrative remedies, Plaintiff filed this lawsuit challenging the Commissioner's action.

ALJ Decision

The ALJ employed the traditional five-step disability analysis:

- Step One: The ALJ found that Plaintiff had not engaged in substantial gainful activity during the period at issue (AR 16, 20 (Finding 2)).

- Step Two: The ALJ found that Plaintiff had severe impairments; specifically, degenerative joint disease in the hips and knees, per §§ 404.1520(c). (AR 18, 20 (Finding 3)).

**ORD ON SOC
SEC APPEAL - 2**

- Step Three: The ALJ found that Plaintiff's impairments did not meet or medically equal the requirements of a listed impairment, per 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d).  (AR, 18, 20 (Finding 4).

- The ALJ found that Plaintiff retained residual functional capacity for light work.  The finding included determinations that Plaintiff needed a cane for ambulation and could only occasionally climb ramps and stairs or balance, stoop, kneel, crouch and crawl.  The ALJ concluded that Plaintiff could never climb ladders, ropes or scaffolds and ought never have concentrated exposure to extreme cold, vibrations or hazards, per 20 C.F.R. §§ 404.1520(e), 404.1545; Social Security Ruling (SSR) 83-10.  (AR 19, 20 (Finding 6)).

- Step Four: The ALJ found that plaintiff was not precluded from performing her past relevant work as a bookkeeper by her residual functional capacity or by her degenerative joint disease in her hips and knees.  On that basis, the ALJ concluded that Plaintiff was not under a "disability" as that term is defined in the Social Security Act, at any time through the date of the decision; per 20 C.F.R. §§ 404.1565, 404.1520(f). (AR 19, 20 (Findings 7, 8, 9)).

- The ALJ did not render an alternate decision at Step Five.

## Discussion

The standard of judicial review upon appeal from an adverse decision on a Social Security disability claim is: Was there "substantial evidence" to support the ALJ's findings? 42 U.S.C. § 405(g); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998).  Plaintiff presents the following issues for judicial review:

1. When did Plaintiff have past relevant work as a bookkeeper?
2. Did the ALJ evaluate Plaintiff's need for a cane properly?

**ORD ON SOC SEC APPEAL - 3**

1       3.     Did the ALJ "adequately" evaluate Plaintiff's obesity?

2       4.     Does substantial evidence support the ALJ's "adverse credibility" finding?

3       5.     Should the ALJ have utilized medical-expert testimony in arriving at his decision?

4     The Court will analyze each issue in turn.

1. <u>When did Plaintiff have past relevant work as a bookkeeper?</u>

There is no disagreement among the parties that Plaintiff's past relevant work (which must have been performed within 15 years of the date of adjudication or within 15 years of the date the claimant's insured status expired, whichever is earlier; 20 C.F.R. §§ 404.1560(b)(1) 404.1565(a)) is her work as a bookkeeper from April 1988 until December 1993. AR, 77. Plaintiff described that job at Page 3 of her Work History Report. AR, 39.

2. <u>Did the ALJ evaluate Plaintiff's need for a cane properly?</u>

There are two types of analysis employed for a Step Four decision. The ALJ may declare a claimant "not disabled" upon a finding that the claimant can perform past relevant work "either as the claimant actually performed it or as generally performed in the national economy." 20 C.F.R. § 404.1560(b)(2). The ALJ's decision here was that Plaintiff "could return to this [bookkeeper] occupation as performed" (AR, 19); i.e., it was an as-performed decision, not an as-generally-performed-in-the-national-economy decision.

There was medical evidence that Plaintiff required the use of cane ("Medically required hand-held assistive device required for ambulation." Dr. Hoskins' 6/13/03 report; AR, 133). However, there was testimony from Plaintiff herself that, although she had a cane, she either did not use it or did not use it consistently. (The ALJ noted that she did not have a cane with her on the day of the hearing. Questioned about that, Plaintiff responded "[T]he cane doesn't do me much good when I start to fall unless I'm falling to my right." AR, 217-18.) This raises the question of how necessary the cane was

**ORD ON SOC**
**SEC APPEAL - 4**

for Plaintiff (who, based on her claim documentation describing her daily routine and her testimony at the administrative hearing, is clearly ambulatory for periods throughout the day).

Nevertheless, the ALJ made a finding that "[Plaintiff] needs a cane for ambulation." AR, 19, 20 (Finding 6). While there is some evidence to support this finding (the 2003 Hoskins report), there is also evidence in the form of Plaintiff's own testimony that she either did not use or did not consistently use a cane, which certainly calls into question her need for one. Judicial review is complicated by the fact that the ALJ provides no indication of the evidentiary basis of the finding or the nature of the "need" (i.e., does she need it for walking or balance or both?) nor does he reconcile Plaintiff's own disuse of the device with his finding of her need for it. On remand, the ALJ is directed to articulate with particularity the evidence upon which he relies for this finding and clearly delineate the nature of the "need."

In defining Plaintiff's past relevant work as her bookkeeping occupation, the ALJ addresses her use of the cane in that context by observing "[t]his job did not require lifting more than twenty pounds and she was sitting most of the time, so the need to use a cane would not interfere with her work activity." AR, 19. The Court agrees with Plaintiff's characterization of this finding as "unreviewable;" i.e., unsupported by sufficient explanation of its factual underpinnings to permit a determination of whether the supporting evidence is "substantial."

There is support in the Social Security Rulings for a finding that "an individual who uses a medically required hand-held assistive device in one hand may still have the ability to perform the minimal lifting and carrying requirements of many sedentary unskilled occupations with the other hand." Social Security Ruling ("SSR") 96-9p, p. 6.[1]  However, that same opinion states that "the occupational base for an individual who must use such a device for balance because of a significant

---

[1] This ruling may be viewed at http://www.ssa.gov/OP_Home/rulings/di/01/SSR96-09-di-01.html.

**ORD ON SOC
SEC APPEAL - 5**

involvement of both lower extremities (e.g., because of a neurological impairment) may be significantly eroded." Id.

What renders the ALJ's decision impervious to judicial review is the absence of any evidence in the record that the administrative officer factored Plaintiff's impairment in her lower extremities (about which he made specific findings; AR, 20 (Finding 3)) and her testimony regarding her balance problems (AR 217-18) into his finding concerning the use of a cane while discharging her bookkeeping duties. Without such a finding articulated in the record, the Court is unable to say whether "substantial evidence" supports the ALJ's decision.

Although the record does support the ALJ's finding that Plaintiff's bookkeeping duties, as actually performed, involved "sitting most of the time" (AR, 19), it does not automatically follow the "the need to use a cane would not interfere with her work activity." Id. Plaintiff's own description of her work activities as a bookkeeper indicated that she spent an average of an hour a day walking, some of which involved carrying five-pound boxes of checks from a table to her desk (a distance of 20 feet). AR, p. 79. On some occasions, she was required to carry objects up to 10 pounds in weight. Id.

The ALJ's findings make no mention of these job requirements in Plaintiff's former occupation as-performed, or how they might be accommodated with a person using a cane. The Commissioner's response to Plaintiff's appeal attempts to cover over this deficiency by remarking that "she could have held the box in one hand. . . and used her cane in her other." That is a possibility, but the Commissioner is not permitted to provide "substantial evidence" where the ALJ failed to do so. The ALJ does not even indicate from where in the record he might have concluded that Plaintiff needed only one hand to carry the items which her former job requires.

**ORD ON SOC**
**SEC APPEAL - 6**

On remand, the Court directs the ALJ to articulate with specificity those factual findings which support his conclusion that the use of a cane would not interfere with the duties of Plaintiff's bookkeeping position, as she actually performed it.

3.  Did the ALJ "adequately" evaluate Plaintiff's obesity?

Plaintiff's records indicate that she is five feet, three inches tall (AR, 113) and has weighed approximately 200 pounds since the onset of her alleged disability (AR, 52, 118, 150). This gives her a Body Mass Index of 35, which qualifies her as obese. See SSR 02-1p. Plaintiff argues that, "[d]espite the fact that Chang was obese, the ALJ did not evaluate adequately Chang's obesity alone or its cumulative and interactive effects, e.g., its impact on her degenerative joint disease in her hips and left knee." Pltf's Brief, 8-9.

The Court has searched the Administrative Record in vain for a single indication that, at any point in this proceeding prior to this lawsuit, Plaintiff raised her obesity as a factor to be considered in her disability determination. There is no mention of it in her Disability Report (AR, 64-92) or Reconsideration Disability Report (AR, 93-99). A review of the transcript of her testimony at the administrative hearing yields not a single reference to her weight by Plaintiff or her counsel.

Plaintiff was examined by Dr. Padmini Bhaskar in May 2003. (AR, 111-16.) Dr. Bhaskar does note that Plaintiff was obese, but having observed that and gone on to exhaustively catalogue Plaintiff's functional limitations (patellar subluxation, hip arthritis and knee arthritis; AR, 115), this medical professional makes no mention of Plaintiff's obesity imposing any additional limitation on Plaintiff, either by itself or in combination with her other impairments. Plaintiff was the subject of two other medical examinations, in June 2003 (Dr. Hoskins; AR, 132-36) and October 2005 (Dr. Price; AR, 147-62), neither of which found Plaintiff's weight to be remarkable or a contributing factor to any of her complained-of conditions.

**ORD ON SOC**
**SEC APPEAL - 7**

Plaintiff provides no citation to authority which suggests that it is the ALJ's responsibility, sua sponte, to raise and consider every aspect of Plaintiff's physical and medical condition which might possibly impact her eligibility for a disability determination. The Court will impose no such obligation on the hearing officer and declines to reverse the ALJ's findings on this ground.

4.   <u>Does substantial evidence support the ALJ's "adverse credibility" finding?</u>

The ALJ's findings on Plaintiff's credibility are far from clear. He articulated his credibility assessment as follows:

> While the claimant was generally credible, she testified that she was slow when she performed her bookkeeper job, and she did not leave that job until the employer moved to Oregon. She is able to be very active in her church, going door to door for several hours at a time. Her statement about her problems with gripping are less credible, since they are not mentioned in the medical record and were not found in a recent physical evaluation. (AR, 19)

Plaintiff's characterization of this as an "adverse credibility" finding is an overstatement. The ALJ found Plaintiff "generally credible," and only mentions her statement regarding her difficulties with losing her grip on objects as a specific instance where he found her "less credible."

However, his citation to Plaintiff's testimony regarding the timing of leaving her bookkeeping job and her door-to-door church activities is confusing. To the extent that the ALJ used this testimony to call Plaintiff's credibility into question, the Court does not find substantial evidence to support that determination. Regarding her departure from her last bookkeeping position, Plaintiff did not allege that she became disabled when she stopped working as bookkeeper (which occurred in December 1993; AR, 77), but that the onset of her disability was some nine years later (August 2002; AR, 52). The fact that she remained at the bookkeeping position until her employer moved away is not substantial evidence of her credibility regarding her disability allegations.

The ALJ's citation to Plaintiff's testimony concerning her door-to-door church activities raises similar issues. He alludes to this portion of Plaintiff's testimony without including her accompanying observation that, when she engaged in that activity, she usually held onto the arm of the person who

**ORD ON SOC**
**SEC APPEAL - 8**

accompanied her and they did not cross the street because she was too slow to make it across before the light changed.  AR, 219-220.  To the extent that the ALJ is relying on this testimony to question Plaintiff's credibility regarding her disability allegations, the Court finds that there is not substantial evidence to support that determination.

The ALJ's finding that Plaintiff is "less credible" concerning her allegations about her problems with gripping is supported by substantial evidence; namely, the fact that there was no mention of such problems going back to medical evaluations from 2003 and no finding of such an impairment in a physical examination contemporaneous with his ruling.

On remand, the ALJ is directed to make a more specific finding regarding Plaintiff's credibility.  If he finds that she is not credible, the record should reflect the evidentiary support upon which he relies for that conclusion.  With the exception of the absence of any prior evidence concerning Plaintiff's alleged problems with gripping, the Court does not find the statements cited in the ALJ's ruling to constitute substantial evidence of any lack of credibility on Plaintiff's part.

5. <u>Should the ALJ have utilized medical-expert testimony in arriving at his decision?</u>

Plaintiff's position is that, given (1) the gap in medical records due to her inability to afford medical treatment and (2) the complexity of her medical condition, "[t]he ALJ should have informed his decision with medical-expert testimony."  Pltf's Brief, 10.  The Court cannot agree.

The ALJ had a wealth of prior medical evaluations available to aid in his decision.  Furthermore, he ordered a neurological evaluation following Plaintiff's hearing (AR, 18) and thus had current medical data upon which to base his ruling.  Use of a medical expert is discretionary, except when necessary to fix an onset date for disability.  <u>See</u> 20 C.F.R. § 404.1527(f)(2)(iii); <u>Armstrong v. Chater</u>, 160 F.3d 587, 590 (9th Cir. 1998).  There was no error in the ALJ's choice not to use medical-expert testimony.

**ORD ON SOC**
**SEC APPEAL - 9**

**Conclusion**

The Court affirms the ALJ's findings at Steps One through Three of the disability analysis. The Court further finds that the ALJ's determinations regarding Plaintiff's credibility, her residual functional capacity and her ability to return to her past relevant work are not supported by substantial evidence. Those portions of his decision are reversed and remanded for rehearing in conformance with the analysis set forth in this opinion.

On remand, the ALJ is directed to articulate with specificity the evidence supporting (1) his determination of Plaintiff's need for a cane and the nature of that need, (2) his conclusion that the use of a cane would not interfere with Plaintiff performing her past relevant work as a bookkeeper and (3) his evaluation of Plaintiff's credibility.

In accordance with 28 U.S.C. § 2412, the Court deems Plaintiff to be a prevailing party in this action and awards her costs and reasonable attorney's fees as permitted by that statute.

The clerk is directed to provide copies of this order to all counsel of record.

Dated: August 17, 2007

s/Marsha J. Pechman
Marsha J. Pechman
United States District Judge